IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SANG B. PARK, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 15-678 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| vs. | ) | |
| | ) | |
| MARCELO AHN; THE WALLACE, | ) | Re: ECF No. 128 |
| | ) | |
| Defendants. | ) | |

## OPINION

The instant action involves a breach of contract claim brought by Sang B. Park ("Plaintiff") against Marcelo Ahn ("Ahn") and The Wallace, a restaurant located in Southern California (collectively, "Defendants"). The action arose from the parties' alleged agreement regarding Plaintiff's $300,000 payment to Ahn, relating to the opening of a restaurant. In particular, Plaintiff alleged in the Complaint that in 2008 and 2009, he made two payments to Ahn pursuant to an agreement that the money would be used to open and operate a restaurant in California. ECF No. 1 ¶¶ 7, 9-10. Plaintiff alleged that the parties agreed in 2010 that Ahn would begin repayment to Plaintiff. Id. ¶ 12. The money has not been repaid. Id. ¶ 21.

This claim was tried before a jury on March 19, 20, 21 and 22, 2018. ECF Nos. 116 - 119. At the conclusion of the trial, the jury found that Plaintiff proved by a preponderance of the evidence that a contract to repay $300,000 existed between Plaintiff and Defendants and that Defendants breached the contract. The jury awarded Plaintiff $300,000 in damages to compensate him for the breaches of contract. ECF No. 123. Judgment was entered in favor of Plaintiff and against Defendants in the amount of $300,000. ECF No. 124.

Presently before the Court is Defendants' Motion to Alter/Amend the Judgment and, in the alternative, for New Trial. ECF No. 128. For the following reasons, the Motion will be denied.

## I. MOTION TO ALTER/AMEND JUDGMENT

Defendants first move to alter/amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), contending that there was insufficient evidence to support the jury's verdict. ECF No. 129 at 2-7. In opposing this motion, Plaintiff argues, *inter alia*, that Defendants waived any challenge to the sufficiency of the evidence because they failed to move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).[1] ECF No. 133 at 2.

As this Court has explained:

> Our court of appeals has instructed that "the failure to move for a directed verdict at the close of all evidence does more than limit an aggrieved party's remedy to a new trial. In this Circuit, it wholly waives the right to mount any post-trial attack on the sufficiency of the evidence." Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991). Thus, arguments based on sufficiency of the evidence are foreclosed under Rule 59 for the same reason that they are foreclosed under Rule 50(b). Stadtlander Drug Co., Inc. v. Brock Control Systems, Inc., 174 F.R.D. 637, 640-41 (W.D. Pa. 1997); see also United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1228 (10th Cir.), aff'd., 532 U.S. 588, 121 S. Ct. 1776, 149 L. Ed. 2d 845 (2001) ("A party may not circumvent Rule 50(a) by raising for the first time in a post-trial motion issues not raised in an earlier motion for directed verdict.") Therefore, the Court finds and rules that Defendants' failure to move for a judgment as a matter of law as to [certain] claims forecloses the consideration of said issues in the instant Rule 59 motion. Accordingly, the Court will decline to consider the merits of whether Plaintiff established [those] claims.

Hussein v. Universal Dev. Mgmt., Civ. A. No. 2381, 2006 U.S. Dist. LEXIS 49, at *16-17 (W.D. Pa. Jan. 3, 2006).

---

[1] Following the close of evidence at trial, counsel for Defendants asked the Court about an appropriate time to move for judgment as a matter of law, ECF No. 126 at 190; however, counsel ultimately withdrew the motion without presenting it. Id. at 192.

2

In the instant case, Defendants' argument challenging the sufficiency of the evidence supporting the jury's verdict is foreclosed because Defendants did not move for judgment as a matter of law at the close of all evidence and before the case was submitted to the jury. As such, this Court properly declines to consider the merits of this argument as to the sufficiency of the evidence. Accordingly, the Motion to Alter/Amend the Judgment is denied.

## II. MOTION FOR A NEW TRIAL

Defendants' Motion for New Trial has multiple bases: (1) the jury was instructed on an incorrect burden of proof; (2) evidence was improperly admitted; (3) the Court advanced improper advocacy for Plaintiff; and (4) insufficiency of the evidence. Plaintiff opposes this motion on all four grounds.

### A. Burden of Proof

Defendants first argue that the Court instructed the jury on an incorrect burden of proof. ECF No. 129 at 8-10. Specifically, Defendants claim that the Court should have granted their Motion for Leave to Submit Additional Jury Instructions *Nunc Pro Tunc*, ECF No. 106, in which they sought an instruction that the burden of proof for oral contracts is "clear and convincing evidence" rather than preponderance of the evidence. ECF No. 129 at 8-10. The Court denied the Motion for Leave as untimely. ECF No. 107.

In the instant Motion, Defendants do not refute the untimely nature of their Motion for Leave, instead, they characterize the Court's "refusal" to properly instruct the jury as plain error. ECF No. 129 at 9-10.

Plaintiff, in opposing the instant Motion for a New Trial, takes the position that this Court was correct in rejecting Defendants' request for a new charge on the burden of proof as untimely.

3

Plaintiff also argues that it is clear from an examination of the cases cited by Defendants that these cases are not legally applicable to the facts of the case at issue. ECF No. 133 at 4-5.

The Court will address the two sub-issues separately.

### 1. Untimeliness

In order to address the issue of timeliness, a review of the chronology of the pretrial orders is required. This Court issued the initial Pretrial Order on January 4, 2017, setting trial to commence on May 8, 2017. ECF No. 66. Therein, the deadline for filing proposed jury instructions was set for April 24, 2017. Id. On March 28, 2017, counsel for Defendants filed a Consent Motion to Continue Trial Date stating that counsel were going to be in trial and lead counsel for Defendants wished to attend his daughter's college graduation. ECF No. 69. Following a status conference on April 10, 2017, this Court granted Defendants' Motion to Continue Trial Date and clearly directed that "All pretrial dates set in the Pretrial Order, ECF No. 66, remain in effect." ECF No. 75. As per the Pretrial Order, the parties filed Joint Proposed Points for Charge on April 24, 2017. ECF No. 82.

At the Final Pretrial Conference on October 25, 2017, this Court ruled on proposed voir dire, jury instructions and the verdict form. ECF Nos. 101 and 112 at 20-23. Only after this Court had ruled on the proposed jury instructions and distributed the draft charge did Defendants then request two additional instructions – six months after the required deadline.

> MR. FOX [counsel for Defendants]: Your Honor, we had -- I apologize for my tardiness, but we did have a supplement -- actually, two supplemental instructions we wanted to propose at this time that we believe go to central issues in this case.
>
> THE COURT: I issued a pretrial order that proposed instructions were due by a certain date. That has already been set. Nothing has been provided to me previously. I checked the docket this morning. There is nothing on the docket, so those should have been provided before now.

> MR. FOX: Your Honor, again, I apologize for the delay, but they do go to issues that have been addressed in the pleadings.
>
> THE COURT: But the fact of the matter is the nature of this case hasn't changed since the beginning. I issued my order directing that the parties give me their joint proposed instructions. I had these instructions back in April and in that was included the additional instructions that defense wanted the Court to consider and I've ruled on those. That was submitted to me on April 24th. So, I've given my rulings on everything, and from my perspective, nothing has change in the nature of the case between April 24th and today being October 25th. So, if you want to state on the record what your proposed instructions are, but they're out of time. ...

ECF No. 112 at 23-24.

> THE COURT: Were those provided to Mr. Miller before today?
>
> MR. FOX: I provided them -- we just developed them this morning, Your Honor, and provided them to Mr. Miller shortly before our conference.
>
> MR. MILLER [counsel for Plaintiff]: Your Honor, I received them as I sat here for the final pretrial conference.
>
> THE COURT: So when you got here, they were given to you?
>
> MR. MILLER: Yes.
>
> THE COURT: You've noted them on the record. But from the Court's perspective, they're out of time. They're not in compliance with my pretrial order. Like I said, the order for the jury instructions was due back in April. I had your proposed instructions then, didn't receive any motion for leave to file additional instructions, so we're now on the eve of trial so I will not allow it.

Id. at 25-26.

Following the Final Pretrial Conference on October 25, 2017, Defendants filed a Motion for Leave to Submit Additional Jury Instructions *Nunc Pro Tunc* on October 29, 2017. ECF No. 106. The motion was denied as untimely for the reasons set forth on the record at the Final Pretrial Conference. ECF No. 107.[2]

---

[2] During the Final Pretrial Conference on October 25, 2017, Plaintiff informed the Court that Defendants had still not produced 2016 tax returns. Thereafter, Plaintiff filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37. ECF No. 103. As a result of conduct of Defendants, the Motion for Sanctions was granted in part

5

Based on the fact that the two additional jury instructions were submitted six months after the Pretrial Order deadline, they were clearly untimely.

### 2. Two Proposed Jury Instructions

At the outset, the Court notes that the parties filed Joint Proposed Points for Charge on April 24, 2017. ECF No. 82. As correctly pointed out by Plaintiff, Defendants agreed with Plaintiff regarding the elements needed to prove an oral contract and that the necessary burden of proof of these elements was by a preponderance of the evidence. ECF No. 133 at 4. It was only after the Court had ruled on the Joint Proposed Points for Charge and had distributed the draft charge that Defendants suggested a different burden of proof.

Although Defendants failed to make any argument concerning the alleged error in their Brief in Support of the instant Motion for a New Trial, they offer a brief statement in their Reply Brief, without analysis, in which they state that the standard of clear and convincing evidence is applicable to all oral contracts. ECF No. 134 at 2. Defendants support this statement with three case citations, two of which derive their relevant holdings from the third, Redick v. Kraft, Inc., 745 F. Supp. 296, 300 (E.D. Pa. 1990).

In opposing the Motion for a New Trial on this issue, Plaintiff correctly argues that the cases upon which Defendants rely are not legally applicable to the facts of this case. ECF No. 133 at 4.

In Redick, the United States District Court for the Eastern District of Pennsylvania held that "[t]he existence of an oral contract must be established by clear and precise evidence." ECF No. 134 at 2. However, this Court is cognizant of the subcommittee note to the Pennsylvania Suggested Standard Civil Jury Instruction for "Oral Contract," which provides, in pertinent part:

---

and denied in part, and the Court allowed Plaintiff to depose Defendant Ahn and his accountant as to the 2016 tax returns issue. ECF No. 109. As a result, the trial date was cancelled and rescheduled for the next available trial date of March 19, 2018. ECF No. 111. No extension was provided for additional proposed voir dire or jury instructions.

An oral contract must be proven by the party asserting it. Edmondson v. Zetusky, 674 A.2d 760 (Pa.Cmwlth. 1996). There has been some confusion in the judicial decisions as to the standard of proof. Some decisions state that the standard is higher for all oral contracts. "In the case of an oral contract, as is asserted in this matter, Edmondson must prove that the contract was clear and precise. Suravitz v. Prudential Insurance Co., 261 Pa. 390, 104 A. 754 (1918)." Edmondson v. Zetusky, 674 A.2d 760, 764 (Pa.Cmwlth. 1996).

**The better view is that, in general, oral contracts that do not modify a written contract must be proven by the preponderance of the evidence.** The authority holding otherwise, Edmondson v. Zetusky, above, appears to read the case it cites to support that conclusion, Suravitz v. Prudential Insurance Co., 104 A. 754 (Pa. 1918), too expansively. In Suravitz, a verdict was entered for the plaintiff in his suit to recover proceeds under a life insurance policy issued to his deceased wife. The defendant insurer appealed, alleging that the decedent's responses in the insurance application failed to reveal a serious illness. The plaintiff countered that the answers recorded on the insurance application did not accurately reflect the answers given by the decedent to the defendant's agent. The Pennsylvania Supreme Court agreed with the defendant that the plaintiff carried the burden to satisfy the jury by "clear and satisfactory" evidence that the answers were incorrectly written by the agent. Suravitz should not be read to require a "clear and satisfactory" burden in cases involving the formation of simple oral contracts. See Idell v. Falcone, 235 A.2d 394 (Pa. 1967), where the court, without discussion, applied the preponderance of the evidence standard to a simple oral contract. **Pennsylvania courts generally have applied a higher standard with respect to only *certain kinds* of oral contracts: (1) an alleged oral modification to a written contract, (2) an oral contract to make a will, and (3) claims against a decedent's estate based on an oral contract.**

The court in Robert Billet Promotions, Inc. v. IMI Cornelius, Inc., Civil Action No. 95-1376 (E.D. Pa. October 14, 1998), examined the pertinent case law and explained that, generally, the preponderance standard applies to simple oral contracts:

> Defendant next argues that this Court erred in instructing the jury that an oral contract must be proven by a preponderance of the evidence, rather than by clear and convincing evidence. The Pennsylvania Supreme Court has not decided which standard of proof applies when proving the existence of an oral contract. See Pinizzotto v. Parsons Brinkerhoff Quade & Douglas, Inc., 697 F. Supp. 886, 886 (E.D. Pa. 1988). At first glance, there appears to be a conflict of authority on this issue in the Pennsylvania Superior Court and federal courts sitting in Pennsylvania. Compare Sikora v. Temple Univ., 1988 U.S. Dist.

7

LEXIS 5391, No. CIV.A.85-0668, at *4 (E.D. Pa. June 10, 1988); Browne v. Maxfield, 663 F. Supp. 1193, 1197 (E.D. Pa. 1987); Greene v. Oliver Realty, Inc., 363 Pa. Super. 534, 526 A.2d 1192 (1987), with Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc., 862 F. Supp. 1361, 1365 n.6 (E.D. Pa. 1994), aff'd in part, vacated in part on other grounds, 63 F.3d 1267 (3d Cir. 1995), and cert. denied, 516 U.S. 1172 (1996); Pinizzotto, 697 F. Supp. at 886; Robertson v. Atlantic Richfield Petroleum, 371 Pa. Super. 49, 60, 537 A.2d 814, 820 (1987).

However, the body of case law that supports the application of the clear and convincing standard is derived from case law requiring a heightened standard in cases of (1) alleged oral modification to written contract, (2) oral contract to make a will, and (3) claims against decedent's estate based on oral contract. See, e.g., Pellegrene v. Luther, 403 Pa. 212, 169 A.2d 298, 299 (1961) ("The law is well settled that a written agreement can be modified by a subsequent oral agreement provided the latter is based upon a valid consideration and is proved by evidence which is clear, precise and convincing."); Hatbob v. Brown, 394 Pa. Super. 234, 575 A.2d 607, 612 (1990) (applying clear and precise standard when an oral contract creating or modifying a will is sought to be enforced); Krause v. Great Lakes Holdings, Inc., 387 Pa. Super. 56, 563 A.2d 1182, 1187 (1989) (applying clear and precise standard when fraud is claimed in the formation of a contract), appeal denied, 524 Pa. 629, 574 A.2d 70 (1990); Miller v. Wise, 33 Pa. Super. 589, 593 (1907) (discussing oral contract that allegedly modified a written agreement).

This Court holds that it was not error to apply the preponderance of the evidence standard because this case involved a simple oral contract. This case did not involve a situation that normally invoked the clear and convincing evidence standard under Pennsylvania law. Further, this Court found it significant that the Pennsylvania Suggested Standard Civil Jury Instructions state that oral contracts are just as enforceable as written ones. Compare Pennsylvania Bar Institute, Pennsylvania Suggested Standard Civil Jury Instructions § 15.00 (1991), with Pennsylvania Bar Institute, Pennsylvania Suggested Standard Civil Jury Instructions § 15.01 (1991). Indeed, even more significant, the instructions fail to mention the clear and precise standard. See id. Therefore, this Court is satisfied that it applied the correct standard and Defendant's motion for a new trial is denied on this ground as well.

See also Mucci v. Home Depot, Civil Action No. 00-4946 (E.D. Pa. December 18, 2001):

> Defendant asserts without challenge that the existence and terms of an oral contract must be established by "clear and precise evidence." The court is satisfied, however, that an oral contract may be established by a preponderance of the evidence. See Robert Billet Promotions, Inc. v. IMI Cornelius, Inc., 1998 U.S. Dist. LEXIS 16080, 1998 WL 721081, *13 (E.D. Pa. Oct. 14, 1998) (holding oral contract must be proved by preponderance of evidence and rejecting contention clear and convincing evidence is required); Stelwagon Mfg. Co. v. Tarmac Roofing Systems, Inc., 862 F. Supp. 1361, 1365 n.6 (E.D. Pa. 1994), aff'd in part and vacated in part on other grounds, 63 F.3d 1267 (3d Cir. 1995), cert. denied, 516 U.S. 1172, 134 L. Ed. 2d 212, 116 S. Ct. 1264 (1996); Pinizzotto v. Parsons Brinkerhoff Quade & Douglas, 697 F. Supp. 886, 888 (E.D. Pa. 1988) (rejecting higher standard of proof and upholding finding of oral contract from preponderance of evidence). The same is true of an oral modification of a written agreement in the absence of an express provision specifically prohibiting non-written modifications. See First Nat. Bank of Pa. v. Lincoln Nat. Life Ins. Co., 824 F.2d 277, 280 (3d Cir. 1987); Nicolella v. Palmer, 432 Pa. 502, 248 A.2d 20, 23 (Pa. 1968); Sferra v. Urling, 324 Pa. 344, 188 A. 185, 186 (Pa. 1936); Bentz v. Barclay, 294 Pa. 300, 144 A. 280, 282 (Pa. 1928); Koeune v. State Bank of Schuylkill Haven, 134 Pa. Super. 108, 4 A.2d 234, 237 (Pa. Super. 1939).

Pa. SSJI (Civ) 19.70 (2017) (bolded emphasis added).

In support of the instant Motion, Defendants identify "two purported oral promises:" (1) a promise by non-party Carlos Lee that Plaintiff would hold a one-third interest in a restaurant venture; and (2) a promise by Ahn that he would repay Plaintiff's investment from personal funds. ECF No. 129 at 8. Defendants do not argue that these oral contracts were of a type for which Pennsylvania courts generally have applied a higher standard. Instead, Defendants argue that the higher burden of proof applies to all oral contracts. As the above-cited authority makes clear, Defendants' statement of the applicable law is not accurate. Thus, Defendants have failed to demonstrate plain error by the Court. As such, the Motion for a New Trial alleging error as to the two proposed time-barred jury instructions is denied.

9

**B.     Admission of Evidence**

Defendants next argue that the Court improperly admitted evidence which was protected by Federal Rule of Evidence 408 because it was part of an offer of compromise. ECF No. 129 at 10-13.

This argument is based on an e-mail sent by Defendant Ahn to Plaintiff's son, Chong Park, on June 10, 2015, the subject of which was "Loan" and which stated therein:

> Chong,
>
> How are you? I hope all is well with you. As you may know, Dr. Park (your father) filed a lawsuit for breach of contract for his initial investment in the restaurant. I totally understand his anger and frustration and do not blame him for filing a lawsuit.
>
> You already know the whole story about Uncle Carlos taking the money instead of investing in the restaurant, and now left me essentially "holding the bag" when I didn't get Dr. Chong's initial investment. The issue has caused a big rift in our families so I do not want to start pointing fingers at the wrong-doer again, but rather want our families to be back to normal.
>
> As I previously promised, I plan on paying back your father's initial investment but needed some time to grow the business. I apologize for not prioritizing repaying your dad because I had other loans with banks and creditors that I felt needed to first be paid off.
>
> Meanwhile a lawsuit was recently filed, and again, I don't blame your father as it only demonstrates his frustration on the situation. At the present time, I am waiting to get a confirmation on a loan so I can make a first payment. When they confirm me this loan I will immediately offer $25,000 initial payment, then make "minimum" of $5,000 per month thereafter. As the restaurant grows and my other debt gets paid off, I can and will most certainly increase my monthly payment until it is eventually paid off.
>
> This is all I can afford at the moment and ask that you talk to your father about my offer of repayment. If I have to answer the lawsuit and continue with litigation, it is going to cost both me and your father a lot of money to maintain the lawsuit in attorney fees. Instead of paying the lawyers, I rather use that money to pay down your father's investment. As such, I ask that your father dismiss the lawsuit. The fact that he filed the lawsuit show me that he is very upset and serious, and he got his point across. If I don't pay as I promised, he can always re-file the lawsuit.

10

> Please talk to your father and let me know if my repayment proposal is okay with him. I will immediately pay the initial $25,000 if he agrees. American Express Loan Dept. should give me an answer sometime next week.
>
> I thank you and apologize in advance for putting you in this situation as intermediary.
>
> Very truly yours,
> Marcelo Ahn – CEO
> The Wallace
> [contact information omitted].

ECF No. 130-4 at 2.

Defendants filed a Motion in Limine seeking to exclude the entire e-mail as evidence, asserting that it was barred by Rule 408. ECF No. 71.

Rule 408 provides, in pertinent part:

> Evidence of the following is not admissible-on behalf of any party-either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering-or accepting, promising to accept, or offering to accept-a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim....

F.R.E. 408(a).

The Motion in Limine was granted, ECF No. 98, but the Court subsequently clarified that the first three paragraphs of the e-mail were admissible because they did not relate to settlement communications, ECF No. 112 at 13-14. The Court explained to counsel at a pre-trial conference held on October 25, 2017:

> It is the e-mail of June 10 from Mr. Ahn to [Chong] Park. I ruled out, obviously, the evidence as it relates to settlement and that was the ruling on the motion in limine, but I just did want to be clear. There is correspondence in the first three paragraphs that doesn't relate to settlement. That just says: I hope everyone is well. Your father filed the lawsuit. I

11

> totally understand his anger and frustration. There's talk about the original investment and his statement: I plan on paying back. But he made that statement repeatedly, but then you get down to his offer.
>
> So, I just want to be clear on the record, we'll deal with this e-mail as to June 10th. Obviously, all of the communications as to the offer of settlement or settlement discussion comes out, but that doesn't completely exclude the entire document.

Id.

It is critical to note that counsel for Defendants expressed no dissatisfaction with and did not object to the Court's clarification at the pretrial conference on October 25, 2017, but filed a Motion for Reconsideration of the matter on October 29, 2017. ECF No. 105. Therein, Defendants argued, *inter alia*:

> [T]he first three paragraphs have little, if any, probative value. Besides the aforementioned expression of empathy, the first three paragraphs say two things: 1) that [Ahn] feels he was left "holding the bag" for his uncle Carlos's embezzlement from the venture; and 2) that he wanted to repay Park's investment but needed time to grow the business and repay creditors. Both of these sentiments are repeated by Ahn numerous times in other correspondence that will be admitted at trial. The first three paragraphs of Exhibit 13 are therefore cumulative and add nothing of value for the jury to consider.

Id. at 3.

The Motion for Reconsideration was denied on October 30, 2017. ECF No. 108. The e-mail, redacted to exclude all paragraphs except the first three, was admitted at trial as Exhibit 13. ECF No. 122.

In the instant Motion for a New Trial, Defendants argue that the statements in the first three paragraphs of the e-mail "were plainly made by Ahn in order to display empathy for Plaintiff and show respect for an elder (an important element of family interaction in Korean culture) – all with the aim of putting Plaintiff in the right state of mind to accept the compromise settlement Ahn offered in the following paragraphs. The entire e-mail is therefore part and

12

parcel of an offer of compromise – not just the later paragraphs where the financial terms of Ahn's offer were set forth." ECF No. 129 at 11.

In opposing the Motion for a New Trial on this ground, Plaintiff argues that the Court correctly admitted the first three paragraphs of the e-mail at issue because a central issue of this case was whether Defendants agreed to treat Plaintiff's initial $300,000 contribution to the restaurant as a loan. Plaintiff points out that he vigorously opposed exclusion of the e-mail on a number of grounds, including that Ahn made admissions in various portions of the e-mail that did not contain any mention of a settlement offer, including: the subject line of the e-mail referenced a "loan" and a reference, in one of the first three admitted paragraphs, to "other loans with banks and creditors that I felt needed to first be paid off." ECF No. 133 at 5. Therefore, Plaintiff argues that the Court correctly admitted the first portion of the e-mail relevant to a critical "loan" issue and properly excluded the second half of the e-mail that contained a purported settlement offer. Id. at 6.

The Court disagrees with Defendants' bald characterization of the "plain" nature of the admitted statements. In the Court's view, the statements in the first three paragraphs of the e-mail constituted a review of the historic events of the interaction between Plaintiff and Ahn and the nature of their agreement as a "loan" which was separate from the subsequent settlement offer. Furthermore, the Court notes that, as Defendants actually predicted in their Motion for Reconsideration, other evidence admitted at trial rendered the statements in the admitted portion of the e-mail largely cumulative. Thus, not only was there no error but Defendants were not prejudiced by the admission of Exhibit 13. As such, the Motion for a New Trial is denied on this basis.

## C. Advocacy by the Court

Defendants next argue that they are entitled to a new trial because the Court "repeatedly and inexplicably" advocated for Plaintiff from the bench. ECF No. 129 at 16. Specifically, Defendants claim that the Court repeatedly interrupted Defendants' counsel, overruled virtually all of Defendants' objections while sustaining virtually all of Plaintiff's objections, and made "inappropriate and unnecessary interjections that had the effect of commenting on facts in dispute." Id. at 16-17.

In opposing the Motion for a New Trial, Plaintiff characterizes this ground as a "spurious claim." In doing so, Plaintiff notes that defense counsel failed to follow the Court's rulings on various issues during the trial. ECF No. 133 at 6.

A determination of whether a judge's comments unduly influenced a jury requires consideration of "the materiality of the comment, its emphatic or overbearing nature, the efficacy of any curative instruction, and the prejudicial effect of the comment in light of the jury instruction as a whole." United States v. Foster, No. 17-1902, 2018 U.S. App. LEXIS 13521 at *9 (3d Cir. May 23, 2018) (citations omitted). Further, "[i]nasmuch as a trial is a search for the truth and the court is more than a mere umpire of the proceedings, it is certainly within its province to question witnesses. . . . A district court does have an obligation to interrupt the presentation of counsel in order to clarify misunderstandings or otherwise ensure the trial proceeds efficiently and fairly." United States v. Wiggins, 293 F. App'x 907, 908 (3d Cir. 2008).

In the instant trial, as pointed out by Plaintiff, defense counsel repeatedly disregarded prior court rulings on a number of issues during trial necessitating that they be addressed by the Court.

14

Defendants fail to point to any place in the trial transcript where they made any objection to any of the above-alleged instances of purported advocacy. Thus, they have waived this issue. See American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 326 (3d Cir. 1985) (finding that failure to object to an allegedly prejudicial remark at by the court at trial precluded review of the issue on appeal). At a minimum, Defendants' failure to object deprived the court of the opportunity to give the jury any curative instruction concerning any statement or question. Defendants argue that the Court's instruction to the jury in its final instructions about its neutrality were "insufficient" because it was not given "in close proximity" to the statements and "it was fatally vague in that it only told the juror to disregard 'any opinion' [of the Court], without explaining which statements the jury should specifically disregard." ECF No. 129 at 22. Without any objection or request from counsel, the absence of a proximate and specific instruction cannot be attributed to the Court.

The Court's instructed the jury as to its neutrality at the beginning of its final instructions to the jury:

> At the outset, I again want to reiterate to you that I am absolutely neutral in presenting these instructions to you. Nothing I say now, nothing I said during the trial is meant to indicate any opinion on my part about what the facts are or what your verdict should be. It is not my function to determine the facts. It is each of yours.

ECF No. 127 at 11.

This instruction echoed some of the opening instructions of the Court, specifically:

> From time to time during the trial, I may be asked to make rulings on the law or objections or motions by the lawyers. It is the duty of each side to object as to particular evidence or something they believe should not be admitted. You should not show prejudice to any side who's making objections and you should not infer from any ruling that I make that I favor one side or another. It's my job to apply the law.

. . .

> Occasionally, I may ask questions of a witness to clarify something that I think needs clarified. Do not assume that I hold an opinion one way or another because I may ask a clarifying question. Again, the seven of you are the judges of the facts in this case.

ECF No. 125 at 23, 25.

The jury is presumed to have followed these instructions. United States v. Hodge, 870 F.3d 184, 205 (3d Cir. 2017) ("A jury is presumed to follow the instruction given by the judge"); In Foster, 2018 U.S. App. LEXIS 15321 at *11, the United States Court of Appeals for the Third Circuit held that even if a judge's comment had raised the specter of prejudice for lack of an immediate cure, "the Court's thorough charges reminded the jurors of their roles as final arbiters of credibility."

The Court has reviewed the now-complained-of statements, questions and rulings in the context of the appropriate factors and does not find that they constitute any basis on which to award Defendants a new trial. Accordingly, the Motion for New Trial is denied on this ground.

### D. Sufficiency of the Evidence

In support of their argument for a new trial based on the insufficiency of the evidence, Defendants cite to the argument made in their Motion to Alter/Amend the Judgment. ECF No. 129 at 24. As explained in the disposition of that Motion, Defendants are foreclosed from challenging the sufficiency of the evidence by their failure to move for judgment as a matter of law based on the sufficiency of the evidence before the case was submitted to the jury. See Brown v. Grass, 544 F. App'x 81, 85 (3d Cir. 2013). Even if this ground were not foreclosed, the verdict of the jury in this case was fully supported by the evidence presented at trial, including the testimony of Plaintiff and the exhibits admitted as evidence. As such, the Motion for a New Trial on this ground is denied.

\*\*\*

For the reasons set forth herein, none of the four grounds raised by Defendants warrant the grant of a new trial. Such grounds are without merit. The Motion for New Trial is denied.

**ORDER**

AND NOW, this 19th day of June, 2018, for the reasons set forth herein, IT IS HEREBY ORDERED that Defendants' Motion to Alter/Amend the Judgment and, in the alternative, for New Trial, ECF No. 128, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record via CM-ECF